IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| KIMBERLY DAVIS, et al.,  § | |
| § | |
| Plaintiffs,  § | |
| § | |
| v.  § | CIVIL ACTION NO. G-06-cv-653 |
| § | |
| CHEVRON PIPELINE CO., et al.,  § | |
| § | |
| Defendants.  § | |

**ORDER GRANTING DEFENDANTS' MOTION FOR REHEARING
AND/OR NEW TRIAL AND TRANSFERRING THE CASE TO THE WESTERN
DISTRICT OF LOUISIANA, LAFAYETTE DIVISION**

This case arises from an explosion that occurred off the coast of Louisiana on or about October 12, 2006. Albert Davis, Jr. ("Davis") and Gilbert Tardy ("Tardy") have been missing since the explosion, and Terry Abraham ("Abraham") was killed in the explosion. Plaintiffs are the family members of these three men, along with the estates of Davis and Tardy ("Plaintiffs"). Plaintiffs bring this action against Chevron Pipeline Company, Chevron USA Inc., Chevron Texaco Pipeline Holdings, Inc., Chevron Natural Gas Services Inc. (collectively "Chevron"), Gulfport Energy Corporation ("Gulfport"), Central Boat Rentals, Inc. ("CBR"), and Diamondback Energy Services LLC ("Diamondback"). Chevron, Gulfport, CBR, and Diamondback filed a Motion to Transfer Venue to the Western District of Louisiana, Lafayette Division. On February 2, 2007, the Court issued an Order denying the Motion to Transfer Venue. Now before the Court is Chevron, Gulfport, and Diamondback's Motion for Rehearing and/or New Trial of Motion to Transfer Venue, which the Court construes as a simple Motion for Venue Reconsideration. For the reasons articulated below,

Defendants' Motion is **GRANTED** and this case is hereby **TRANSFERRED** to the Western District of Louisiana, Lafayette Division.[1]

**I. Background and Analysis**

On October 12, 2006, a spud on a construction barge that was owned by Athena Construction, the employer of Davis, Tardy, and Abraham, released from its raised position and struck a submerged natural gas pipeline in West Cote Blanche Bay field, which is owned by Chevron. The impact resulted in an explosion that caused the injuries and deaths that are the subject of this litigation. The barge was being towed by a tug owned by CBR.

When the Court originally denied Defendants' Motion to Transfer Venue, there were two limitation proceedings pending in the Western District of Louisiana–one filed by Athena Construction, and one filed by CBR. There were also two plaintiffs' cases relating to the explosion pending in Louisiana state courts. Defendants argued that they were going to incur significant expenses because, if the case were not transferred, they would be forced to litigate separate trials based on the same operative facts. The Court determined that this fact weighed in favor of transfer, but reasoned that its weight was not significant because there would be multiple proceedings whether the case was transferred or not. Upon analyzing the remainder of factors considered in a venue analysis, the Court found that the case presented a "close call" and that the factors weighing in favor of retention "slightly" outweighed those weighing in favor of transfer.[2]

Defendants now request that the Court reconsider its decision based upon new developments.

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

[2] The Court's prior Order is incorporated herein by reference.

Since the Court considered the Motion to Transfer Venue, Judge Melancon in the Western District of Louisiana has consolidated the two Limitation proceedings, and one of the state court proceedings that had been removed to federal court is now before Judge Melancon. Also, both Abraham and Tardy have minor children in Louisiana that were not considered when the Court originally denied the Motion to Transfer Venue.³ All of these Parties have claims in the Limitation proceedings that are before Judge Melancon. Plaintiffs argue that they will likely withdraw claims on behalf of Abraham and that, even if the Court assumes that the claims of the survivors of both Tardy and Abraham were dropped, substantial deference should be given to the forum choice of the survivors of the remaining decedent, Davis, whose survivors live in Louisiana and Baytown, Texas. While the Court acknowledges that Davis's survivors' choice of forum is entitled to deference, the inconvenience and expense related to holding a trial in Galveston when the rest of the cases relating to the incident are consolidated in Judge Melancon's court outweighs that deference. In Judge Melancon's court, both Plaintiffs and Defendants will assuredly receive a fair and impartial trial in front of a judge who has substantial admiralty experience and is superbly adept at handling the unique issues that arise in admiralty cases.

**II. Conclusion**

Since the Court's decision in its Order Denying Defendants' Motion to Transfer Venue was a "close call" and new developments in the case tie it more strongly to the Western District of Louisiana, Defendants' Motion is **GRANTED**. This case is hereby **TRANSFERRED** to the Western District of Louisiana, Lafayette Division pursuant to 28 U.S.C. § 1404. Any unresolved issues are

---

³There was a question about the paternity of Tardy's alleged child, but genetic tests have since shown that Tardy is the child's father.

respectfully deferred to the considered judgment of the transferee court. Each Party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 30th day of April, 2007, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge